COURT OF APPEALS OF VIRGINIA


Present:    Judges Humphreys, Beales and Senior Judge Fitzpatrick


RICHARD F. DAVIS, II
                                                                MEMORANDUM OPINION[*]
v.      Record No. 1227-07-1                                        PER CURIAM
                                                                  OCTOBER 16, 2007
KINGA DAVIS


                   FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                                  Joseph A. Leafe, Judge

                  (Richard F. Davis, *pro se*, on brief).

                  No brief for appellee.


        Richard F. Davis (husband) appeals a decision of the trial court denying his motion to

reduce his child support obligation.  We have reviewed the record, husband's brief, the motion to

dismiss filed by Kinga Davis (wife) and husband's response to wife's motion to dismiss, and

conclude that this appeal is without merit.  Accordingly, we summarily affirm the trial court's

decision.  See Rule 5A:27.[1]

        "Upon appellate review, we must review the facts in the light most favorable to the party

prevailing below."  Richardson v. Richardson, 30 Va. App. 341, 349, 516 S.E.2d 726, 730

(1999).

        So viewed, the evidence established that pursuant to the parties' November 15, 2005

separation agreement, which was ratified, confirmed, and incorporated by reference into the final

decree of divorce, husband was required to pay wife child support for their minor child, Richard A.

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Wife's motion to dismiss husband's appeal is denied.

Davis, in the amount of $350 each month, which "constitute[d] a deviation from the current Guidelines for Determination of Child Support as set forth in the Virginia State Code, but [was] based upon a mutual agreement of the parties."

On September 14, 2006, husband filed a Motion to Amend or Review Order in the Norfolk Juvenile and Domestic Relations District Court ("the J & DR court") requesting the following: "[A] new calculation of support based on incomes of petitioner and respondent – have petitioner repay overpayments . . . ." On January 24, 2007, the J & DR court denied that motion, and husband appealed to the trial court. On March 1, 2007, the trial court conducted a hearing ore tenus on husband's motion.

During that hearing, husband testified that he is "self-employed." He has no wage-earning job but owns various rental properties in North Carolina. He stated that he earns approximately $2,300 per month, an increase of around $300 per month since the last award. Husband was unable to provide information as to his gross revenues for 2006. Husband claimed he had incurred significant credit card debt caused by having to make repairs on his properties. While there was some discussion on the record between husband and wife's counsel as to the value of husband's properties, the record contains no specific testimonial or documentary evidence of those values. In addition, wife did not testify nor was any documentary evidence regarding her current income admitted into evidence.[2]

> In a petition for modification of child support . . . , the
> burden is on the moving party to prove a material change in

---

[2] Wife's counsel's comment, "I've got a current pay stub. She makes $1640 every two weeks gross," was not evidence. Husband, who bore the burden of proof, presented neither documentary nor testimonial evidence of wife's current income. In addition, we have not considered the documents attached by husband to his brief, as they are not contained in the record before us. In fact, the record contains no exhibits whatsoever. "An appellate court must dispose of the case upon the record and cannot base its decision upon appellant's petition or brief, or statements of counsel in open court. We may act only upon facts contained in the record." Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993).

circumstances that warrants modification of support. The material change "must bear upon the financial needs of the dependent spouse or the ability of the supporting spouse to pay." An obligor/parent seeking a reduction in the amount of his or her child support obligation "must . . . make a full and clear disclosure about his ability to pay, and he must show his claimed inability to pay is not due to his own voluntary act or because of his neglect."

Richardson, 30 Va. App. at 347, 516 S.E.2d at 729 (citations omitted). "Decisions concerning child support rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence." Smith v. Smith, 18 Va. App. 427, 433, 444 S.E.2d 269, 274 (1994).

Here, the evidence showed that husband's income increased by approximately $300 per month since the last award. While husband claimed wife's income doubled since the last award, the record contains no evidence to substantiate that claim. The trial court found no material change in circumstance that would justify a reduction in husband's child support obligation of $350 per month. Based upon the record before us, we cannot say the trial court's decision constituted an abuse of discretion or was plainly wrong or without evidence to support it.

Accordingly, we summarily affirm the trial court's decision.

Affirmed.